UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MONTIE SPIVEY** | **CASE NO.  6:22-CV-00491** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **CHITIMACHA TRIBE OF LOUISIANA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 12). Defendants, Chitimacha Tribe of Louisiana and several of its employees, opposed the Motion (Rec. Doc. 20), and Plaintiff replied (Rec. Doc. 25). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion be denied and that his claims be dismissed.

## Factual Background

This is Plaintiff's second suit against the Chitimacha Tribe (which operates Cypress Bayou Casino) and several tribal council members arising out of Plaintiff's former employment as the Tribe's chief financial officer. In July 2021, Plaintiff filed suit in this Court alleging that he was falsely criminally prosecuted and terminated

from his CFO position after his involvement with the payment of a bonus to a casino employee. (*Spivey v. Chitimacha Tribe of Louisiana, et al*, Civil Action No. 6:21-cv-02257). Plaintiff asserted claims under 42 U.S.C. §1983 and §1985, as well as state law claims for intentional and negligent acts. (No. 6:21-cv-02257 Doc. 1, ¶26-28). This Court dismissed Plaintiff's claims on the grounds of tribal sovereign immunity. (No. 21-cv-02257 Doc. No. 24, adopted by Doc. 27). The Court declined to consider whether Plaintiff's claims were time-barred or failed to state a cause of action.

In October 2021, Plaintiff filed a protective state court suit in St. Mary Parish against the same defendants based on the same set of alleged facts as the first federal court suit. He withheld service on Defendants until this Court dismissed the first federal court suit. (See Rec. Doc. 1, indicating that Defendants were served with the state court suit in February 2022, contemporaneously with this Court's dismissal of the first federal court suit). Defendants removed the state court suit, resulting in this second federal court suit. While acknowledging that this Court dismissed his claims based on sovereign immunity, Plaintiff seeks remand on the grounds that he has remaining state law claims which should be decided in state court.

## Law and Analysis

"The party asserting jurisdiction bears the burden of proof and must establish, by a preponderance of the evidence, that the court has jurisdiction based on: (1) the

2

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020), *as revised* (Dec. 30, 2020) (internal quotes omitted).

The federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court. Upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Defendants removed the case on the grounds of federal question jurisdiction under §1331 and §1343, which grants original jurisdiction over federal civil rights cases. Plaintiff's §1983 and §1985 claims asserted in the state court suit indeed invoke federal question jurisdiction. As previously analyzed in detail in the prior federal court suit, tribal immunity precludes Plaintiff's federal law claims under §1983 and §1985. Regarding Plaintiff's ancillary claims for intentional and negligent acts under state law (which Plaintiff now seeks to remand), the Court

stated: "Additionally, for these reasons, the issue of supplemental jurisdiction over state law claims is moot." (No. 21-cv-02257, Rec. Doc. 24, p. 19). To the extent the foregoing statement left open the possibility of Plaintiff pursuing state law claims, the Court hereby clarifies that tribal immunity precluded Plaintiff's state law claims as well. Although tribal immunity does not extend to tribe employees sued individually in tort (see *Lewis v. Clarke*, 137 S. Ct. 1285, 1288, 197 L. Ed. 2d 631 (2017)), this Court held that Plaintiff's claims against the individual tribe council members were, in effect, official capacity claims barred by tribal immunity, despite Plaintiff's broad allegations of intentional and negligent acts. (No. 21-cv-02257, Doc. 24, p. 18-19).

With the issue of Plaintiff's state law claims clarified, the Court finds that Plaintiff's state court suit removed to this Court is essentially identical to the previous complaint filed in federal court. The Court has federal question jurisdiction over Plaintiff's §1983 and §1985 claims and supplemental jurisdiction over Plaintiff's related state law claims. All claims are barred by tribal immunity. For the detailed reasons set forth in the Court's prior ruling in No. 21-cv-02257, the Court finds *sua sponte* that these claims should be dismissed with prejudice. See *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 12) should be DENIED. The Court further recommends, *sua sponte*, for the same reasons set forth in 21-cv-02257, that Plaintiff's claims should be dismissed with prejudice as precluded by tribal immunity.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 26th day of May, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE